## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH HAMILTON,<br>#R-12594, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18−cv−577−JPG |
| vs. | ) | |
| | ) | |
| VENERIO SANTOS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Hamilton v. Woods*, Case No. 18-cv-172-JPG-SCW (S.D. Ill. Feb. 5, 2018) ("Original

Case"), Plaintiff Kenneth Hamilton, an inmate in Lawrence Correctional Center, brought suit for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Pursuant to *George v.*

*Smith*, 507 F.3d 605 (7th Cir. 2007), one claim against Defendant Santos was severed from that

initial action to form the basis for this action, Case No. 18-cv-577-JPG.

This case is now before the Court for a preliminary review of that claim pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After fully considering the relevant allegations in Plaintiff's Complaint, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: at least since March 2016, Plaintiff has had problems with his feet, including cracking and swelling, thickening and blackening toenails, and infections, resulting in mobility problems, excess weight gain, an abnormal heartbeat, and an enlarged heart. (Doc. 2, pp. 3-4). On October 25, 2017, Plaintiff was transferred to Centralia. (Doc. 2, p. 4). He met with Defendant Santos and was diagnosed with foot ulcers. *Id.* Santos discontinued Plaintiff's antibiotics and "did not provide him with any substitution to relieve him of the pain, swelling, and infection." *Id.* Plaintiff told Santos he had a medical order from the Shawnee doctor for special medical shoes, but Santos told him to buy shoes from commissary. *Id.* "Plaintiff was left to walk around in painful shoes purchased from the inmate commissary." (Doc. 1, p. 5).

## Discussion

In its Severance Order (Doc. 1), the Court designated the following count to be severed

into this *pro se* action. The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 2 –** After Plaintiff was transferred to Centralia October 25, 2017, Defendant Santos showed deliberate indifference to Plaintiff's serious medical needs involving his foot infection and ulcers, and pain associated therewith, in violation of the Eighth Amendment.

As discussed in more detail below, Count 2 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 2

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court finds that, for reasons similar to those outlined in the Severance Order (Doc. 1, pp. 6-7), Plaintiff has stated a deliberate indifference claim upon which relief may be granted against Defendant Santos.

## Pending Motions

Plaintiff has filed a Motion to Correct (Doc. 6) in both this and the Original Case. The Motion is effectively a motion seeking reconsideration of the Order Referring Case in the Original Case. Because of this, the Court in the Original Case considered and denied the Motion on March 27, 2018. Original Case, Doc. 20. For these reasons, the Motion (Doc. 6) is not

appropriately before this Court, and it has already been resolved, so it is **DENIED** as moot.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** shall **PROCEED** against **SANTOS**.

**IT IS FURTHER ORDERED** that as to **COUNT 2**, the Clerk of Court shall prepare for **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule

72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: April 3, 2018**

s/J. Phil Gilbert
**U.S. District Judge**